RODNEY D. WELLS & CO. *v.* ANDREW J. WOOTEN.

**Assignment for Creditors — Powers of the Assignee.**

A general assignment by a merchant for the benefit of his creditors that confers, by its terms, power on the assignee to proceed as speedily as possible, consistent with the interest of the creditors, to collect all debts and assets due the assignor and to dispose of the stock of goods on hand to the best possible advantage by continuing the regular sale of the same in the usual way that business of that kind is conducted,. by selling exclusively for cash, or by disposing of same or such parts thereof at auction, or by making a sale of the entire stock in bulk at public or private sale, which in his judgment he deems best, is not rendered fraudulent and void by reason of such powers.[1]

**Same — Replenishing Stock — Continuing the Business.**

Nor is such assignment rendered fraudulent by reason of the power vested in the assignee to continue the sale of the goods at retail in the manner that it had been done, and to make such small purchases of goods as will enable him to dispose of the stock to best advantage.

One Jack Johnson, a merchant at Holly Springs, Mississippi, made a general assignment for the benefit of his creditors, with some preferences to A. J. Wooten, assignee. After Wooten took charge of the stock of goods assigned, Rodney Wells & Co., creditors of Johnson, sued out an attachment against him and garnished

---

[1]

An assignment is not fraudulent in law because it authorizes the assignee "generally to do with the assets whatever in his judgment will best promote the interest of the creditors," for this power will be construed to mean whatever it is lawful for him to do in execution of the trust. Richardson *v.* Marqueze, 59 Miss. 80.

A provision that the assignee is "to dispose of, for cash or otherwise, as is customary or according as the law directs, or shall be agreed upon by a majority of the said creditors," all of the property conveyed, does not render an assignment void. Under the maxim *ut res magis valeat quam pereat,* an interpretation will be given to the ambiguous language that will uphold the instrument. Baum *v.* Pearce, 67 Miss. 700; 7 So. 548.

And so the assignment may authorize the assignee to dispose of a stock of goods in due course of trade or in lots at auction, in his discretion, looking to the speedy termination of the trust and the interest of creditors. Mattison *v.* Judd, 59 Miss. 99.

And it may vest in the assignee's discretion to sell for cash or on credit as he may deem best for all creditors. Richardson *v.* Marqueze, 59 Miss. 80.

Wooten, who answered that he did not owe Johnson anything and had no property of any kind in his hands belonging to him, but stating that he held the stock of goods assigned to him by Johnson as assignee for the benefit of the creditors of Johnson. Plaintiffs excepted to this answer, insisting that the assignment was fraudulent and void as to the creditors of Johnson, and insisting on a judgment against the garnishee for the amount of their debt. The provisions of the assignment attacked by plaintiffs are as follows:

"I do hereby authorize said trustee to proceed as rapidly as possible, consistent with the interest of my said creditors, to collect all the debts and assets due me and to dispose of the stock of goods on hand to the best possible advantage by continuing the regular sale of them in the usual way that business of this kind is conducted by selling exclusively for cash, or by disposing of same or such parts thereof at auction, or by making a sale of the entire stock in bulk at public or private sale, which in his judgment and the exercise of sound discretion he should deem advisable and best subserve the interest of the beneficiaries under the deed: *provided,* that should said trustee in the exercise of his judgment regard it to be to the interest of said beneficiaries to continue the sale of the goods by retail in the manner that the said business has been heretofore conducted and to dispose of said stock to advantage, he shall deem it necessary to add to said stock small additions from time to time, he is hereby authorized to do so."

The plaintiffs requested the court to instruct the jury that the assignment was fraudulent and void, which the court refused, and they excepted. The court instructed the jury for the defendant that they should find for him unless they believed that the assignment was made with a fraudulent intent or purpose by said Johnson, and that fraud is never presumed, but must be proved to the satisfaction of the jury.

From a verdict and judgment for defendant, plaintiffs appeal.

Appealed from Circuit Court, Marshall county, J. W. C. Watson, Judge.

Affirmed, November 28, 1881.

*Attorney for appellants, Laurence Johnson.*

*Attorneys for appellee, Watson, Watson & Smith, and Strickland & Wooten.*

Brief of Laurence Johnson:

The verdict of the jury should have been set aside. Enough was disclosed by the deed of assignment, connected with the attendant circumstances, to show the bad faith of the whole transaction. \* \* \*

The jury might have been misled by the charges given for the garnishee. These, although they may be good abstract law, it is submitted in their unqualified form as they stand, are not applicable to the case at bar. Defendant's first charge is a mere abstract proposition, well understood by complainants, but put to a jury in such case as this, well calculated to deceive and mislead them.

The second charge is still more objectionable. There is no explanation of what is meant by fraudulent intent. The jury are left to apply the term in their own language and in a popular sense, to a corrupt design on the part of the maker of this deed to swindle his creditors. A corrupt design from a bad heart generally—and that this must be proven. They would naturally infer that it is impossible in popular language for any man to read the thoughts and intents of the heart. They could not as a court remember that if the natural effect of the assignor's acts were to hinder, delay or defraud his creditors, or any one of them, the act would be fraudulent, whether he intended or wished it to be so or not.

But the court failed still more in its duty to the jury by refusing to give the first charge asked by plaintiff. This deed of assignment cannot be sustained by the courts. If so, as a learned counsellor of this court has said in another case, we must have a new edition of certain text books, against which we should recite litanies; for they are contradictory enough already. A few plain principles are enough to guide us through these mazes.

When one undertakes to make a disposition of his effects professedly for the benefit of his creditors, yet preferring some of them on grounds which he deems "legally and equitably his bounden duty," he will be held to the "utmost good faith," and

no device or subterfuge will be tolerated.    Trimble *v.* Turner, 13 S. & M. 348.

The profession of this first necessary frame of mind, in a paper intended as a short summary of powers to a trustee, when uncalled for and unnecessary, is itself a badge of fraud.    Bump on Fraud. Convey., ch. IV, pp. 31-37.

And why are such expressions badges of fraud?    Because one mark of truth is plain simplicity.    Straight to the mark is simple purpose.    Profession and assurance of truth and good faith, uncalled for, evince a consciousness of guilt and of corrupt purpose.

Another plain test, whenever it can be applied, as the presiding justice of this court has said in a recent case, is to look to the effect of the assignment upon the interests of the assignor.    Of course any direct reservation in his favor would avoid the instrument, and this a draftsman of the commonest skill would shun. But the cunning lies in effecting the object, while apparently denying the purpose, so far as between creditors and the assignor.

But can a debtor so discriminate between his creditors as to render an assignment for their benefit fraudulent *inter se?*    This court has said that he can.    For instance, by using partnership assets to pay individual or private debts.    Roach *v.* Brannon, 57 Miss. 490.

And to this class may also be assigned those provisions which hinder and delay creditors generally, whilst taking care that certain particular friends have the opportunity by a little energy and ingenuity of securing themselves.    To this head belong provisions for the assignee to sell on a *credit,* and to continue the business of the bankrupt.    Guided by the light of these plain principles, let us look at this instrument.    Never did a paper so break the promise of one clause by quenching hope in a second.    The assignee is to continue the business as heretofore, but sell "exclusively for cash."    Yet in the next line he may sell a part or the whole in bulk at auction or at private sale, and not restricted to cash, but, it is fair inference, may as in large transactions give time.

But to place the true construction of this instrument beyond dispute, it concludes by a proviso, which, like the postscript to a letter, disclosses the intent and object of writing the whole.    The assignee has the discretion to continue the business as heretofore conducted by the debtor and to make additions to the stock.    As

conducted by the debtor, it was a retail store on cash or credit. The deed discloses as much. "Books of account and choses in action, notes," etc., "growing out of his mercantile business" are among the assets transferred.

Finally, having placed all this power in the hands of a kinsman, the most nearly interested in providing for the grantor and his family, and to secure and protect his mother and uncle, also nearly interested in providing for Mr. Jack Johnson, he takes away possible hope that might possibly arise to outsiders by future contingencies in a final proviso, that "should said trustee die or resign, another may be appointed" by those creditors holding a majority of the debts provided for. In other words, "If my father-in-law, from any cause, ceases to act, my mother and uncle may appoint another." H. O. Rand held and was responsible for $6,300, against about $4,000 held by outsiders.

Here then are plain provisions to continue this business as long as it suited the views of A. J. Wooten and H. O. Rand, and without limit to time. The assignee may buy new stock and sell as the assignee had sold—that is, on a credit, if he saw fit. And the trade was so continued until attachments in the U. S. District Court woke them up from this dream of a nice little mill to grind out their liabilities, and at the same time provide for the assignor and his family and his brother and mother.

Assignments which give this unlimited discretion to assignees are fraudulent as to creditors. Burrell on Assignments, 3d ed., §§ 223, 224, 220, 221; Bump on Fraud. Con., 2d ed., pp. 408, 411; Henderson v. Downing, 24 Miss. 106.

Provisions to continue the business if calculated to hinder and delay, etc., are fraudulent. Burr. on Assts., 3d ed., § 397.

Exceptions to this rule are only apparently so. Every case must be construed in the light of its own circumstances. Burr., 2d ed., p. 202.

Dunham v. Waterman, 17 N. Y. 9, is not overruled by Townsend v. Stearns, in 32 N. Y., and the next case. Both these cases sustain the principle enunciated by Justice Selden in the older case, while commenting unfavorably on some of his reasons for it.

Nor does Marks et al. v. Hill et al., 15 Grattan, 400, militate against the principle or its application to the case at bar. Judge Daniel says as much himself on page 411—that the Marks case

differed from the Maryland case (7 Md. 380), which substantially was identical with this case.

To sell on a credit is equally fatal.    Burr. on Assts., 3d ed., §§ 210, 224.

Apparent exceptions only prove that under extraordinary circumstances it may be allowed.  But then the necessity must appear on the face of the deed.   Farmers Bank *v.* Douglas, 11 S. & M. 469 ; Arthur *v.* Bank of Vicksburg, 9 S. & M. 394.

Such extraordinary cases as these two furnish no guage for winding up a small mercantile business as in the case at bar.

It is difficult to believe that Jack Johnson ever really intended to surrender up his business when he made this assignment, or that it was not in fact understood that he was to continue in actual possession of his goods and his books under the changed name however of *agent* instead of *owner.*   Wooten *v.* Clark, 1 Cush. 75.

Nor is it to be forgotten that here we have a proceeding under the attachment laws, and to be construed liberally in our favor. Code 1880, § 2476.

Whilst most of the apparent exceptions arose in chancery upon Bill and Answer, the latter explaining the *badges of fraud* and setting up the necessary exception to general rules, and having in its favor the presumption of truth, on the part of the defendant, unless satisfactorily set aside by proof; on the contrary in the case at bar the very party knowing most about his intentions, the defendant, is silent.   He permits us to take a judgment by default against him; and he thereby tacitly admits the truth of the allegations in plaintiff's affidavit—that he had made this assignment with intent to defraud a part of his creditors.

Brief of Watson, Watson & Smith:

The errors assigned chiefly involve the validity of the deed of assignment, plaintiffs alleging that it is fraudulent upon its face and therefore void in law as to an attaching creditor of Johnson, and conceiving that the judgment in the case will be affirmed or reversed according as the court shall hold the assignment upon its face, good or bad, we shall confine ourselves to a discussion of the questions arising upon the assignment.

Counsel for appellant directs his attack mainly upon the following provisions in the said deed of assignment:  "And I do hereby authorize said trustee to proceed as speedily as possible,

consistent with the interests of my said creditors, to collect all the debts and assets due me, and to dispose of the stock of goods on hand to the best possible advantage by continuing the regular sale of the same in the usual way that business of this kind is conducted by selling exclusively for cash, or by disposing of the same or such parts thereof at auction or by making a sale of the entire stock in bulk at public or private sale, which in his judgment and the exercise of sound discretion he should deem advisable and best subserve the interests of the beneficiaries under this deed. *Provided,* that should said trustee in the exercise of his judgment regard it to be to the interest of said beneficiaries to continue the sale of the goods by retail in the same manner that the said business has been heretofore conducted, and to dispose of the said stock to advantage he shall deem it necessary to add to the said stock small additions from time to time, he is hereby authorized to do so."

The proviso contained in the last nine or ten lines, plaintiff's counsel contends, confers upon the assignee an illegal power and renders the instrument absolutely void. If it does confer such illegal power upon the assignee, we concede the effect claimed for it; but *we deny* that the power conferred is illegal. We are aware of the fact that the authorities all condemn an assignment which seeks, through the instrumentality of an assignee, to provide for carrying on the business of the grantor in the same manner in which it had been before conducted, and for an indefinite period; free from the interference or control of the grantor's creditors; but we submit that there is not one adjudicated case within the whole range of English and American jurisprudence which stamps as unlawful and fraudulent authority in the assignee to make small additions to a stock of goods to enable him the better to dispose of the same, such authority or power being everywhere held to be merely ancillary to the winding up of the debtor's business; and it is not difficult to suppose a case in which the exercise of this power by the assignee would be highly advantageous to the creditors for whose benefit the assignment is made. Such additions could not fail to accelerate, rather than retard, the closing out of the stock. In the deed of assignment under consideration, the clause objected to as conferring the illegal power upon the assignee, plainly and in express terms makes the assignee's power to replenish "ancillary to the winding up of the debtor's busi-

ness," and such a provision has always been held to confer a lawful power. Bump on Fraud. Conveyances, 2d ed., pp. 408, 409; Marks v. Hill, 15 Grattan, 400; Rindskoff Bros. & Co. v. Guggenheim, 3 Cold. 191, 192; Williams v. Lord, The Reporter, vol. II, p. 760.

The attention of the court is especially invited to the two Virginia cases above cited, the 15 Grattan case especially, where all the English cases and a number of American cases are reviewed, and the conclusion reached by them is entirely in accord with the foregoing views.

The power in the assignee to replenish a stock of goods in his hands for the benefit of creditors is, we admit, a dangerous power, but not more so, we respectfully submit, than many of the other powers which are necessarily conferred upon him by every deed of assignment. The management of the business is of necessity left largely to the assignee's discretion. The right to employ clerks or assistants might be abused. A half dozen might be employed where one would suffice; the property turned over to him might be needlessly sacrificed; he might sell for cash when both money and bidders were scarce, or he might sell on credit to an irresponsible person or on such long time as would render the assets valueless. Assignments however conferring these powers are constantly upheld, and the only remedy against their abuse is to be found in the intervention of a Court of Chancery, and the remedy in this court would be equally efficacious against any abuse of the power conferred upon the assignee by Johnson's assignment, of which appellants complain.

Brief of Strickland and Wooten:

The court and not the jury construes provisions of assignments. Sheldon v. Dodge, 4 Denio, 217; Cunningham v. Freeborn, 3 Paige, 557; Goodrich v. Downs, 6 Hill, 438.

Assignment absolutely giving preferences with no reservation to assignor, nor calculated to hinder or defraud, is valid and will be sustained, unless some act shows an original fraudulent intent. Browning v. Hart, 6 Barb. 91.

So, provisions for re-assignment valid. Cunningham v. Lafoy, 7 How. 735.

Provisions directing assignee to convert the property into money at public or private sale, as soon as he can reasonably and prac-

tically with due regard to the rightful interest of the parties concerned, is valid. Bellows *v.* Partridge, 19 Barb. 176.

So, upon such terms and conditions as in his judgment may appear best and convert the same into cash, is not authority to sell on credit and is valid. Nichol *v.* McEwen, 21 Barb. 65 (17 N. Y. 22).

So, to dispose of the same, as he deemed best and most to the interest of the parties concerned. Clark *v.* Fuller, 21 Barb. 128.

Such construction should be given the provisions of an assignment as will render valid rather than invalid, and a provision "upon terms to best interest," etc., is valid. Kellogg *v.* Slawson, 1 Kernan, 302.

So, language in the deed to convert as soon as it conveniently and promptly can be done, is harmless. This confers no power outside of the assignee's duty, to go on at once and convert and pay the debts. Ogden *v.* Peters, 21 N. Y. (Smith), 23.

A provision for the payment of expenses, attorney's fees, etc., is proper. The assignee may do this without any provision. Butt *v.* Peck, 1 Daly, 83 (1 Waits Dig., p. 186, § 154).

So, just and reasonable compensation for labor, time, and services, etc., is valid. Campbell *v.* Woodworth, 24 N. Y. (10 Smith), 304.

A provision to sell at such time and in such manner as conduces to the interest of creditors, is not void upon the ground that it hinders and delays creditors. Jessup *v.* Hulse, 21 N. Y. (7 Smith), 168; Clapp *v.* May, 16 How. 384 (1 Waits Dig. 190, § 132).

Also, to sell at public or private sale refers to *mode* and not on credit, and is valid. Halstead *v.* Gordon, 34 Barb. 422.

To sell and dispose of the premises on such terms, and at such times, and in such manner, as to him may seem for the benefit and advantage of creditors. Townsend *v.* Stearns, 32 N. Y. 209.

As to the right to make assignment and prefer in good faith, see Tompkins *v.* Wheeler, 16 Peters, 106; Brooks *v.* Marbury, 11 Wheat. 78.

The case of Benedict *v.* Huntingdon, 32 N. Y. 219, reviews all former cases on this subject and in principle sustains the deed under consideration. * * *

OPINION.—CAMPBELL, J.:

The deed of assignment involved in this case is not fraudulent on its face, tried by the rules of law announced by this court this day in Mattison & McCarroll v. Max Judd & Co., and the instruc-tions given by the Circuit Court are correct, and that refused to be given at the request of the plaintiffs was properly refused. The verdict was clearly right on the facts submitted to the jury.

*Judgment affirmed.*